UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHERARD GATES, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-718-TLS-JEM |
| INDIANA ATTORNEY GENERAL, | |
| Respondent. | |

**OPINION AND ORDER**

Sherard Gates, a prisoner without a lawyer, filed a habeas petition challenging the Indiana Department of Correction's calculation of his sentence. ECF 1. According to the petition, Gates is entitled to six months credit time due to completing a Recovery While Incarcerated program, but he has only received three months credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of the claims, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025–26 (cleaned up). Until exhaustion has occurred, federal habeas relief is not available. *Id.* Under Indiana law, inmates may challenge their sentence calculations by filing

a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008). According to the petition, Gates has not challenged the calculation of his sentence at any level of the State courts. Consequently, it appears that the court should dismiss this case without prejudice to Gates returning to federal court once he has finished in State court. Nevertheless, the court will grant Gates an opportunity to address the exhaustion issue before deciding whether to dismiss for failure to exhaust pursuant to Section 2254 Habeas Corpus Rule 4.

For these reasons, the court:

(1) ORDERS Sherard Gates to file a response to this Order on whether he has appropriately exhausted his remedies by December 1, 2025; and

(2) CAUTIONS Sherard Gates, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on November 3, 2025.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT